FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 01, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGEL S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 1:24-CV-3020-RMP <br><br> ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff Angel S.[1], ECF No. 6, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 8.  Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of her claim for Social Security Income ("SSI") under Title XVI of the Social Security Act (the "Act").  *See* ECF No. 6 at 1–2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and last initial.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 1

1       Having considered the parties' briefs, the administrative record, and the
2 applicable law, the Court is fully informed.  For the reasons set forth below, the
3 Court grants judgment for Plaintiff and remands the matter for further proceedings
4 before the Commissioner.

## BACKGROUND

6       Plaintiff applied for SSI on approximately July 20, 2019, alleging disability
7 onset on June 1, 2016.  Administrative Record ("AR")[2] 220–26.  After Plaintiff's
8 application was denied initially and on reconsideration, Plaintiff requested a hearing.
9 AR 32, 203–19.  Plaintiff's mother initially applied on Plaintiff's behalf; Plaintiff
10 was fifteen years old on the date of application.  AR 220.  Plaintiff sought disability
11 benefits on the basis that she has depression, post-traumatic stress disorder, and
12 anxiety.  AR 206.  On September 17, 2020, Plaintiff's case was transferred to the
13 National Hearing Center in Falls Church, Virginia.  AR 175.  On January 5, 2021,
14 the National Hearing Center scheduled a telephonic hearing for March 24, 2021.
15 AR 156.  This notice was in English and Spanish, as were subsequent notices from
16 the Commissioner.  *See* AR 145–65.  On March 10, 2021, the agency sent Plaintiff
17 and her attorney, Tim Anderson, a reminder about the scheduled telephonic hearing.
18 AR 129.  The notice warned that the ALJ could dismiss Plaintiff's request for a

---

[2] The Administrative Record is filed at ECF No. 4.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 2

hearing if Plaintiff did not attend the hearing "without a good reason for not attending."  AR 129.

On March 17, 2021, through counsel Tim Anderson, Plaintiff requested postponement of the hearing to allow her to appear at the hearing in person.  AR 126.  The Social Security Administration was not then conducting hearings in person due to the COVID-19 pandemic, so the agency delayed scheduling Plaintiff's hearing.  AR 107–09.

By notice dated November 17, 2022, the National Hearing Center rescheduled Plaintiff's hearing for her to appear in person, with the hearing examiner appearing by video, in Seattle, Washington on February 15, 2023.  AR 74–75.  Under the heading, "It Is Important That You Attend Your Hearing," the notice informed Plaintiff: "If you do not attend the hearing, I may dismiss your hearing, without further notice, unless I find that you have a good reason for not attending."  AR 74.  Under the same heading, the notice informed Plaintiff that she was permitted to ask the agency to appear by telephone, adding: "We will schedule you to appear by telephone if we find that it is not possible for you to attend in person or by video teleconference, or other extraordinary circumstances prevent you from attending in person or by video conference."  AR 74.  The notice informed Plaintiff that the hearing would be conducted by video teleconference, with Plaintiff appearing at the address provided in Seattle and the ALJ appearing from another location.  AR 75.  Next, under a heading titled "If You Cannot Attend Your Scheduled Hearing," the

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 3

agency requested that Plaintiff "call" the Office of Hearing Operations "immediately" if she is not able to attend the hearing at the time and place set by the notice. AR 75. In addition, the agency informed Plaintiff that she could ask for a change in the time or place of her hearing. AR 76. The request for a change in the time or place of the hearing must be "in writing" and must state the reason for the requested change. AR 76. With respect to the timing of the request for a change, and the standard that the ALJ would apply, the notice stated:

> You must ask for this change before the earlier of the two dates described below. The first date is 30 days after you receive this notice. The second date is 5 days before the date of your hearing. We assume you received this notice 5 days after the date on it unless you show us that you did not get it within the 5-day period. If you miss the deadline for requesting a change, please tell me why you missed the deadline. I will consider your request to change the time or place of the hearing if I find that you have a good reason, as defined in our regulations, for missing the deadline.
>
> In considering your request to change the time or place of the hearing, I will decide whether you have a good reason for requesting the change. If I find you have a good reason for your request, we will set a new time and place for your hearing. We will also send another notice giving you the new time and place of your hearing. We will send this notice at least 20 days before the date of the new hearing.

AR 76.

Later in the notice, under the heading "Travel Costs," the notice informs Plaintiff:

> We can pay certain travel costs when you, your representative, or needed witnesses must travel more than 75 miles to the hearing. A sheet is enclosed to tell you about our rules for paying travel costs. Please call this office if you want more information.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 4

AR 79.  On the enclosed information sheet, the agency specified that when a claimant must travel more than 75 miles one way from home to attend the hearing, the agency can pay expenses such as the cost of a bus ticket or driving expenses.  AR 80.  The information sheet further informs that "[i]n certain circumstances, you may need meals, lodging, or taxicabs" and that these expenses, unlike the bus ticket or driving expenses, must be approved by the ALJ before the hearing unless these costs are "unexpected and unavoidable."  AR 80.  For bus ticket and driving costs, a claimant "must submit a written request for payment . . . to the ALJ at the time of the hearing or as soon as possible after the hearing."  AR 80.

By letter dated February 9, 2023, Plaintiff's counsel requested to convert the hearing to a telephonic or Microsoft Teams video hearing from Plaintiff's residence due to Plaintiff's "transportation and financial hardship" and counsel's other hearing commitments.  AR 39.  Counsel added, "Both the client, her mother, and myself would have to travel over 2 1/2 hours over a mountain pass."  AR 39.

On February 9, 2023, Administrative Law Judge David Begley informed Plaintiff's counsel that Plaintiff's request to change the manner of hearing Plaintiff's claim was denied, noting: "The current hearing was scheduled in November 2022, over two months ago, specifically as an in person at the claimant [sic] and your request. The appropriate time to request and change would have been well in advance of one week before the hearing."  AR 38.  On the same date, Plaintiff

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 5

1  responded by letter asking ALJ Begley to reconsider his decision to deny Plaintiff's

2  request to change the manner of hearing.  AR 37.  Plaintiff asserted that she had

3  moved from Kittitas, Washington, to Yakima, Washington, since the time the

4  hearing was scheduled and faced "vehicular difficulty of having to travel over a

5  mountain pass both ways" as well as a lack "of funds to travel."  AR 37.  Plaintiff

6  added that if ALJ Anderson "strongly desire[d] to visually see her," she requested

7  permission to appear by Microsoft Teams or by appearing at the local

8  videoconferencing location in Yakima.  AR 37.

9        In a letter dated February 13, 2023, ALJ Begley reiterated that: (1) Plaintiff's

10 hearing originally was scheduled by telephone for March 24, 2021, and was

11 rescheduled at Plaintiff's request as an in-person hearing; and (2) Plaintiff should

12 have requested any change to the current hearing "well in advance of one week

13 before" the scheduled hearing date.  AR 36.  In addition, ALJ Begley wrote that the

14 agency had no notification from Plaintiff of a change in address, and the "untimely"

15 nature of Plaintiff's request did not leave the agency sufficient time to "make

16 appropriate accommodations."  AR 36.

17       Plaintiff's counsel sent a letter dated February 13, 2023, updating Plaintiff's

18 address to her residence in Yakima, Washington.  AR 35.  Then, in a letter dated

19 February 15, 2023, Plaintiff's counsel indicated that Plaintiff and her mother were

20 "not able to travel across the pass to the hearing today," but Plaintiff and counsel

21 were available for the scheduled hearing by telephone or by Microsoft Teams.  AR

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 6

34. Alternatively, Plaintiff requested a postponement to reschedule the hearing by telephone or by video at the agency's videoconferencing location in Yakima. AR 34.

Neither Plaintiff nor her attorney attended the hearing on February 15, 2023. AR 32. On March 2, 2023, ALJ Begley issued an order of dismissal of Plaintiff's request for hearing. AR 32–33 (hereinafter, "Order of Dismissal"). ALJ Begley memorialized that he considered the factors set forth in 20 C.F.R. § 416.1457(b)(2), without discussing the factors, and found no good cause for Plaintiff's failure to appear at the time and place of the hearing. AR 32–33.

The Appeals Council denied Plaintiff's request to review the ALJ's dismissal. AR 1–2.

Through counsel, Victoria Chhagan, Plaintiff sought review in this Court. ECF No. 1.

## ISSUE ON APPEAL

Plaintiff raises the following issue regarding the ALJ's decision:

1. Did the agency deny Plaintiff due process in dismissing Plaintiff's request for a hearing?

***Hearing Denial***

<u>Parties' Arguments</u>

Plaintiff argues that the ALJ's decision to dismiss Plaintiff's hearing request was flawed on Constitutional due process grounds. ECF No. 6 at 4. Plaintiff argues that the ALJ should have found good cause for Plaintiff to miss her hearing given

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 7

1  that she informed the ALJ in advance that the trip to Seattle would pose a hardship

2  for Plaintiff and her mother. *Id.* at 10. Plaintiff argues that the ALJ should have

3  considered that Plaintiff lived approximately 140 miles from the Seattle hearing

4  location and only a short distance from the Yakima video conference location,

5  particularly when the agency "typically does not require individuals to travel more

6  than 75 miles for a hearing." *Id.* at 10–11 (citing HALLEX 1-2-0-70). Plaintiff

7  adds that the ALJ did not refer to any authority setting forth what constitutes a

8  reasonable time in which to request a change of the manner of the hearing, even

9  though he based his denial of Plaintiff's hearing on her untimely request. *Id.* at 11.

10 Furthermore, Plaintiff argues that the ALJ did not account for Plaintiff's mental

11 impairments and language abilities that could affect her ability to communicate with

12 the ALJ and her attorney. Plaintiff points to records indicating that: she applied for

13 SSI benefits based on alleged depression, anxiety, and post-traumatic stress disorder;

14 she received notices in both English and Spanish; and "the earlier notices are

15 addressed to [Plaintiff's] mother on her behalf, suggesting that she was a

16 child/young adult with a language barrier applying for benefits on the basis of

17 mental impairments during the relevant period[.]" ECF No. 6 at 15 (citing AR 3,

18 213, 217, and 220).

19      The Commissioner argues in response that claimants must object to appearing

20 by video teleconferencing within 30 days after the claimant receives the hearing

21 notice and must object to the time and place of the hearing "'at the earliest possible

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 8

opportunity, but not later than 5 days before the date set for the hearing or 30 days after receiving notice of the hearing, whichever is earlier[.]'" ECF No. 8 at 4–5. (citing 20 C.F.R. § 416.1436(d), (e)).  The Commissioner continues that Plaintiff was represented by an attorney throughout the relevant timeframe, and Plaintiff received notices in both English and Spanish. *Id.* at 5 (citing AR 34, 53–73, 203). The Commissioner cites to the notices in the record that informed Plaintiff that if she did not attend the hearing, the ALJ "'may dismiss your request for hearing, without further notice, unless he or she finds that you have a good reason for not attending.'" *Id.* at 6 (citing AR 43, 53).  Further, the Commissioner argues that Plaintiff does not show that any of the factors listed in 20 C.F.R. § 416.1457(b)(2) prevented Plaintiff from attending her hearing and instead indicates that transportation difficulties were the reason she did not attend, which does not qualify as good cause under the regulation. *Id.* (citing ECF No. 6 at 6–8, 13, 15–16; AR 24, 37, 39).  The Commissioner submits that both before and after Plaintiff's change of address from Kittitas to Yakima, travel likely would involve driving over Snoqualmie Pass to reach Seattle and that the weather information from the day of the hearing showed freezing temperatures, but no precipitation. *Id.* at 7 (citing AR 9–19).  Lastly, the Commissioner asserts that "the agency offers to pay travel expenses such as the cost of a bus ticket, expenses for driving, meals, and lodging." *Id.* (citing AR 80).

      Plaintiff replies that she did not contest either the time or place of the hearing and instead requested an accommodation that would not have been burdensome and

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 9

would have allowed her to avoid traveling "140 miles over a mountain pass in the winter to the [video teleconferencing] site in Seattle." ECF No. 9 at 3. Plaintiff further argues that the hearing notice states on its first page that claimants may request to appear by telephone and that the hearing will be scheduled telephonically "'if we find that that it is not possible for you to attend in person or by video teleconference, or other extraordinary circumstances prevent you from attending in person or by video teleconference.'" *Id.* (quoting AR 53–54). Plaintiff argues that the notice does not provide a time limit for submitting this request. *Id.* Plaintiff adds that the same notice provides, under the heading "If You Cannot Attend Your Scheduled Hearing," a different procedure for requesting a change in the time or place of the hearing and adheres to the rules at 20 C.F.R. § 416.1436(e) and 20 C.F.R. § 416.1411. *Id.* Plaintiff asserts that it would not have been burdensome for the ALJ to conduct the hearing telephonically or by video over Microsoft Teams, since those formats "have become the norm" since the COVID-19 pandemic, or to proceed with the video teleconference format with Plaintiff appearing at the Yakima video teleconference office "located one mile from her residence with the understanding that a postponement might be required due to scheduling conflicts." *Id.* Plaintiff further replies that the Commissioner did not address her argument that her young age and/or mental impairments impeded her ability to communicate with the agency and her attorney about her ability to physically travel to Seattle to attend the video teleconference hearing. *Id.* at 5. Furthermore, Plaintiff contends that the

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 10

Commissioner misses the point by citing to a lack of precipitation over Snoqualmie Pass on the hearing date because Plaintiff "did not drive and was reliant on her mother, who felt unsafe driving her car over the pass in the winter." *Id.* at 5–6. Plaintiff further submits that she "reasonably believed that she would be responsible for the payment" of her expenses to travel to the hearing when the ALJ must approve travel expenses prior to the hearing, and the ALJ did not indicate that he approved reimbursement for Plaintiff's expenses even after she had informed the ALJ that she could not pay for gas. *Id.* (citing AR 59).

Legal Standard

An ALJ is authorized to dismiss a hearing request if a claimant and her representative fail to appear at the scheduled hearing after receiving notice that failure to appear at the time and place of the hearing could result in dismissal without further notice, and an ALJ finds no good cause for the failure to appear. 20 C.F.R. § 416.1457(b)(1). This decision to dismiss a hearing after a claimant fails to appear generally is not a final decision that is subject to judicial review. *See* 42 U.S.C. § 405(g) (authorizing judicial review of "any final decision of the Commissioner of Social Security made after a hearing."); 20 C.F.R. § 416.1403(a) (listing administrative actions that are not subject to judicial review); *Johnson v. Berryhill*, Case No. C17-0277-MAT, 2017 U.S. Dist. LEXIS 103025, at *6, 2017 WL 2834286 (W.D. Wash., June 29, 2017) ("[W]here a claimant fails to appear for a scheduled hearing, he fails to exhaust ''the administrative remedy upon which

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 11

judicial review depends[,]'' and there is no final decision by the Commissioner.") (quoting *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) (quoting *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992)).

However, the judicial review provision in section 405(g) "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Smith v. Berryhill*, 139 S. Ct. 1765, 1773–74 (2019) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).

The Supreme Court has found that while section 405(g)'s "final decision . . . made after a hearing" reference ordinarily signifies "an ALJ hearing," "an ALJ hearing is not an ironclad prerequisite for judicial review." *Smith*, 139 S. Ct. at 1774, 1777 n. 17 ("[T]he Court's precedents also make clear that a hearing is not always required."). Rather, beyond the text of section 405(g), the Supreme Court identified a strong presumption that Congress intends judicial review and constructed the Social Security Act as a "claimant-protective statute." *Id.* at 1776–77. When the presentment requirement is satisfied, judicial review of a decision to dismiss for failure to appear at a hearing may be available where the Commissioner waives the non-jurisdictional requirement of jurisdiction. *See Wilson v. Comm'r of Soc. Sec.*, No. 21-10278, 2021 U.S. App. LEXIS 26245, at *8, 2021 WL 3878252, at *3 (11th Cir. Aug. 31, 2021) (per curiam) (analyzing *Smith*, finding "grounds to conclude" that Plaintiff satisfied the exhaustion requirement where he failed to

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 12

appear at the scheduled ALJ hearing, and holding that it was unnecessary to decide whether there had been a "final decision . . . made after a hearing" because the Commissioner expressly waived any objection on exhaustion grounds); *T.W. v. Comm'r of Soc. Sec.*, Case No. 21-cv-7822-SVK, 2023 U.S. Dist. LEXIS 28877, at *7–8, 2023 WL 2167398 (N.D. Cal. Feb. 21, 2023) (interpreting the Supreme Court's decision in *Smith* and the Eleventh Circuit's decision in *Wilson* to support exercising subject matter jurisdiction where Plaintiff withdrew his request for a hearing before the hearing had completed, the ALJ dismissed on that basis, and the Commissioner waived reliance on the exhaustion requirement).

Analysis

The Commissioner does not raise subject matter jurisdiction as an issue in his brief to this Court and instead defends the ALJ's dismissal of Plaintiff's request for hearing on its merits. ECF No. 8. The Court interprets the Commissioner's position as a waiver of the exhaustion requirement. Moreover, the nonwaivable jurisdiction requirement of presentment is established where, as here, a claimant submitted an application for disability benefits and asserts that she had good cause for failing to appear at the ALJ hearing. *See Wilson*, 2021 U.S. App. LEXIS 26245 at *7 ("The Commissioner readily concedes that [claimant] 'clearly satisfie[d] the nonwaivable 'presentment' requirement,' which is jurisdictional, by submitting applications for disability benefits and arguing that he presented good cause for failing to appear at the ALJ hearing."). Therefore, this Court has jurisdiction under section 405(g) to

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 13

review the Appeals Council's decision to deny review of the ALJ's dismissal of Plaintiff's request for a hearing.

Proceeding to the issue of an alleged due process violation, Plaintiff must demonstrate: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). Courts have recognized that applicants for Social Security disability benefits are entitled to due process in the determination of their claims and have a property interest in those benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1209 (9th Cir. 2001). The Ninth Circuit further has observed that "[i]t is axiomatic that due process requires that a claimant receive meaningful notice and an opportunity to be heard before [her] claim may be denied." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). One specific obligation is for an ALJ is to provide "some explanation . . . of why the applicant's potentially valid reasons for good cause are rejected." *Dexter v. Colvin*, 731 F.3d 977, 981 (9th Cir. 2013).

The hearing notice sets forth a convoluted set of different standards and methods for requesting various relief related to the scheduled hearing. AR 74–75. First, the hearing notice informs Plaintiff that she can request a hearing by telephone and does not state a deadline or whether a request should be communicated in writing or orally. AR 74 (informing Plaintiff that she is permitted to ask the agency to appear by telephone and stating, "We will schedule you to appear by telephone if

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 14

1 we find that it is not possible for you to attend in person or by video teleconference,
2 or other extraordinary circumstances prevent you from attending in person or by
3 video conference."). The ALJ's Order of Dismissal reasoned that Plaintiff's
4 attorney's request "was not timely," but does not address whether it was "possible"
5 for Plaintiff or her attorney to attend in person or by video conference or whether
6 "extraordinary circumstances" prevented Plaintiff from attending in person or by
7 video conference, as the notice sets forth. *See* AR 32. Therefore, the Order of
8 Dismissal does not address the standards that the notice indicated apply to a request
9 for a hearing by telephone.

10 In addition, the notice informs Plaintiff that she should "call [the hearing]
11 office immediately" if she is unable to attend the hearing at the time and place it was
12 set while also instructing Plaintiff to "request . . . in writing" any "wish to change
13 the time and place" of the hearing. AR 75–76. The hearing notice set a deadline for
14 requesting a change of the earlier of either: "30 days after you receive the notice" or
15 "5 days before the date of your hearing." AR 76. The ALJ's Order of Dismissal
16 stated that Plaintiff's request to change Plaintiff's hearing to a telephonic hearing, or
17 in the alternative to a video teleconference hearing from a different location at a later
18 date if necessary, was "untimely." AR 32.

19 However, as stated above, to the extent that Plaintiff merely was requesting a
20 telephonic hearing, the notice does not indicate that these deadlines apply.
21 Furthermore, to the extent that Plaintiff was requesting a change in the time or place

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 15

1   of her hearing in the alternative, it is unclear from the record when Plaintiff and her

2   attorney received the hearing notice for the February 15, 2023 hearing, and Plaintiff

3   made her request to change the manner of the hearing on February 9, 2023, six days

4   before the scheduled hearing date.  AR 37.  Therefore, the Court cannot find

5   substantial evidence supporting that Plaintiff's request was untimely.  Moreover, the

6   Court notes that, earlier in Plaintiff's case, the agency postponed Plaintiff's hearing

7   to accommodate Plaintiff's request for an in person hearing and did not take issue

8   with Plaintiff making the request within one week of the scheduled hearing date.

9   AR 107–09, 126.  In other words, the agency's actions within the context of

10  Plaintiff's case may not have put Plaintiff and her attorney on notice that a request

11  made six days before a scheduled hearing is untimely.

12       Third, the regulations and the notice that Plaintiff received state that the ALJ

13  will consider whether Plaintiff has good cause for requesting a change in the time or

14  place of her hearing.  *See* AR 76; 20 C.F.R. § 416.1436.  A lack of readily available

15  transportation is one of the enumerated circumstances that a claimant can refer to in

16  requesting a change in the time or place of the hearing.  20 C.F.R. §

17  416.1436(f)(2)(v).  Although Plaintiff's attorney's requests to reschedule her hearing

18  as telephonic refer to Plaintiff's travel difficulties, the ALJ did not explain why

19  Plaintiff's travel difficulties were not good cause in his Order of Dismissal.  AR 31–

20  33, 37.

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 16

Fourth, before dismissing a request for hearing, the agency's regulations require an ALJ to consider "any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language)" that the claimant has, and the regulation does not distinguish between claimants who are represented by counsel and those who are not. 20 C.F.R. § 416.1457(b)(2). The ALJ's Order of Dismissal contains a bare assertion that he considered the factors set forth in 20 C.F.R. § 416.1457(b)(2), without any discussion of any physical, mental, educational, or linguistic limitations of Plaintiff even though the record indicates that Plaintiff may have several. *See* AR 3, 32, 213, 217, and 220. Without any substantive discussion demonstrating that the ALJ considered the factors in section 416.1457(b)(2), the Court cannot determine that the ALJ considered all of Plaintiff's "potentially valid" bases for good cause. *See Dexter*, 731 F.3d at 981.

### Conclusion

The ALJ's failure to apply the standards applicable to requests for a hearing by telephone and to address potential bases for good cause before dismissing Plaintiff's hearing request violated due process. Accordingly, the Court will reverse the Appeals Council's denial of Plaintiff's request for review and remand this matter to the agency for further proceedings.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 6**, is **GRANTED**.

2. Defendant the Commissioner's Brief, **ECF No. 8**, is **DENIED**.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 17

3.    The decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

4.    Judgment shall be entered for Plaintiff.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** August 1, 2024.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          Senior United States District Judge